## Herrick v. Carpenter et al.

1. **County Seat:** REMOVAL: BOARD OF SUPERVISORS. While the action of the board of supervisors in canvassing the vote cast at an election for the removal of a county seat is ministerial, the order of removal made in accordance with the declared result of the vote is a judicial act, which may be reviewed by *certiorari*.

### *Appeal from Louisa Circuit Court.*

### WEDNESDAY, SEPTEMBER 22.

THIS is an action of *certiorari*. The plaintiffs sought by their petition to have a canvass of the votes of an election for the relocation of the county seat of Louisa county set aside; and also the vacation of an order made by defendants declaring " Columbus Junction and the additions to said town" to be the county seat of said county. There was judgment in accord with the prayer of the petition, and defendants appeal.

*R. H. Hanna, Arthur Springer* and *Wright, Gatch & Wright,* for appellants.

*Tatlock & Wilson, Hurley & Hale* and *Putnam & Rogers,* for appellee.

ROTHROCK, J.—This is a branch of the same controversy involved in *Herrick v. Carpenter et al.,* page 340, *ante.* It was held in that case that the court below correctly determined that the order submitting the question of the relocation of the county seat was improperly made, and that the cause was properly remanded to the board of supervisors, with orders to re-canvass the petitions and remonstrances. After the decision in that case was made in the court below, the defendants refused to make a re-canvass.

At the next general election, and after the order submitting the question to a vote had been set aside, more than

fourteen hundred ballots were cast for the proposed reloca-
tion, and but four against it.   The defendants as the county
board of canvassers canvassed the vote, and declared Colum-
bus Junction and its additions to be the county seat.   The
main cause having been affirmed, of course it follows that the
election and the order removing the county seat were void.
It is contended in behalf of appellants that *certiorari* is not
the proper remedy, because the acts of the defendants in
canvassing the votes and in making the order of removal
were purely ministerial, and not judicial.   The mere counting
of the votes was a ministerial act, but the making of the
order of removal was as plainly a judicial act as the making
of the order for the election.   The latter order had been set
aside by the court, and the defendants in ordering the removal
again determined, as a question of law, not only that the
court had erroneously set aside the order of the board, but
that such order was valid, and that they had not acted ille-
gally in the matter of receiving and considering affidavits,
and submitting the question to the voters of the county.
We think the judgment of the Circuit Court should be

AFFIRMED.